WYNN, Circuit Judge,
dissenting:
I agree with the majority’s conclusion that the radius restriction is enforceable *563 and that Dave & Buster’s breached it. But I disagree with the majority’s conclusion that “no rational factfinder could find that White Flint intended to waive its right to enforce the terms of the Lease.” Ante at 558. I believe that a rational factfinder viewing all of the facts in the light most favorable to Dave & Buster’s could determine that White Flint waived both the radius restriction and the non-waiver clause. I therefore respectfully dissent.
I.
To survive summary judgment, Dave & Buster’s needed only to marshal evidence that would allow a rational factfinder to find that White Flint waived both the radius restriction and the non-waiver clause. See Hovnanian Land Inv. Grp., LLC v. Annapolis Towne Ctr. at Parole, LLC, 421 Md. 94, 25 A.3d 967, 987 (2011); see also Smith v. Comair, Inc., 134 F.3d 254, 256 (4th Cir.1998) (noting that we view the facts at summary judgment in the light most favorable to the nonmoving party). This it did. In reaching the opposite conclusion, the majority opinion oversimplifies Maryland’s waiver inquiry by granting outsized importance to the fact that White Flint reserved its rights under the Lease and by failing to articulate why the same facts that could support waiver of the radius restriction clause cannot also support waiver of the non-waiver clause.
A.
Under Maryland law, whether the continued acceptance of rent constitutes a waiver is a fact-intensive question of intent. See Chertkof v. Southland Corp., 280 Md. 1, 371 A.2d 124, 127 (1977). The continued acceptance of rent does not constitute a waiver as a matter of law. Id. In a similar vein, a unilateral reservation of rights under a lease is not necessarily enforceable as a matter of law. See id. at 127-8. Chertkof is instructive in this regard.
Chertkof involved a commercial lease with a percentage-rent clause that guaranteed the lessor a certain percentage of the lessee’s gross sales. 371 A.2d at 125. The lease also included a provision that required the original lessee to receive written approval before subleasing or assigning the lease to another party. Id. The lessee subleased and assigned the lease without first receiving written consent. Id. at 125-26. When the lessor discovered the assignment, it declared the lease “null and void and cancelled” due to the breach of the lease terms. Id. at 126. The lessor’s agent also wrote a letter specifying that continued acceptance of rent should not be construed as a waiver. Id.
The trial court held that the lessee breached the lease provision requiring written consent. Id. at 126. But it also found, despite the lessor’s relatively speedy filing of an ejectment action and its express statement disavowing waiver, that the lessor had waived its “right to a forfeiture of the estate granted by the lease.” Id. at 127. The Maryland Court of Appeals affirmed based on the acceptance of rent and months-long negotiations for a new lease.
The facts of this case bear a more-than-passing resemblance to the Chertkof facts: (1) The Lease included a percentage rent clause, which gave White Flint an economic interest in Dave & Buster’s performance, J.A. 33; (2) Dave & Buster’s breached a lease provision designed to protect White Flint’s economic interest; (3) White Flint promptly notified Dave & Buster’s of the breach and unilaterally reserved its *564 rights under the lease; * (4) White Flint continued to accept rent; and (5) White Flint engaged in months-long negotiations (October 2012-October 2013) with Dave & Buster’s before threatening to take legal action unless Dave & Buster’s vacated the premises. Indeed, the main difference between this case and Chertkof is the length of time between the initial notice of breach and the threat of legal action; instead of waiting months, White Flint waited more than six years. It is difficult to square Chertkof with the majority opinion’s holding that no rational factfinder could find that White Flint waived the radius restriction.
B.
To survive summary judgment, Dave & Buster’s must also show that White Flint waived the non-waiver clause. According to the majority, “This it cannot do.” Ante at 559. Again, I disagree.
Maryland law provides that the waiver of a non-waiver clause “may be implied from the very actions which imply waiver of the condition precedent.” Hovnanian Land Inv. Grp., 25 A.3d at 985. The non-waiver clause states that “[flailure of either party to complain of any act or omission on the part of the other party, no matter how long the same may continue, shall not be deemed to be a waiver of said party of any of its rights hereunder.” J.A. 66. To demonstrate waiver of this non-waiver clause, Dave & .Buster’s need only put forward facts showing that White Flint waived some right by failing to complain. This it can do.
As the majority opinion observed, The Court of Appeals of Maryland defines waiver as “the intentional relinquishment of a known right, or such conduct as warrants an inference of the relinquishment of such right.” Food Fair Stores, Inc. v. Blumberg, 234 Md. 521, 200 A.2d 166, 172 (1964). This precisely describes White Flint’s (in)action when it chose not to complain about the radius restriction for more than six years. Accordingly, I cannot agree with the majority that no rational factfinder could find waiver of the non-waiver provision.
II.
Both Dave & Buster’s and White Flint made business decisions. Dave & Buster’s made the business decision to breach the radius restriction. White Flint made the business decision to not enforce the radius restriction for more than six years. To be sure, these business decisions are subject to contractual agreement. But that contractual agreement is subject to Maryland law. If, for example, White Flint had not waited so long to enforce the radius restriction, perhaps my conclusion would be different. But because these facts, when taken in a light most favorable to Dave & Buster’s, could support a rational factfin-der’s determination that White Flint waived both the radius restriction and the non-waiver clause, I respectfully dissent.

 White Flint’s April 2006 letter was a unilateral reservation of its rights under the lease, and this reservation is quite distinct from the (waivable) non-waiver clause discussed below. “Had the reservation been the subject of express agreement, a different result might have obtained.” Chertkof, 371 A.2d at 128.